UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RICKY CALVIN TOLSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:17-cv-00352-WTL-MJD |
| ) | |
| J.E. KRUEGER Warden, ) | |
| ) | |
| Defendant. ) | |

**Entry Screening Complaint and Directing Further Proceedings**

The plaintiff is a prisoner currently incarcerated at United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff brings this action against the Warden of USP Terre Haute. His allegations cover two categories of claims: (1) his placement in the segregated housing unit ("SHU"); and (2) the medical treatment he received when he ruptured his achilles tendon.

There are no allegations that the Warden was personally involved in the plaintiff's placement in the SHU or his medical treatment following the achilles tendon injury. Claims under § 1983 can only be asserted against those personally responsible for the alleged constitutional violation. *See Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see also Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'"). Accordingly, neither category of claim can proceed as submitted and they must be dismissed.

The plaintiff, however, is given an opportunity to file a second amended complaint in this action. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). If he chooses to file a second amended complaint, it must include the following: (1) the specific individuals responsible for his placement in the SHU and his allegedly inadequate medical care; and (2) specific allegations regarding the conditions in the SHU (for example, was he alone in his cell, for how long each day, what privileges were available).

The plaintiff should also be aware that in *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Seventh Circuit explained that "[u]nrelated claims against different defendants belong in different suits." Thus if the individuals responsible for his placement in the SHU and his medical treatment are different, both of these claims will not be permitted to proceed in this action. If this

is the case, instead of including both sets of claims in his second amended complaint, the plaintiff may choose to include only one of the claims and file a separate action regarding the other.

The plaintiff has **through November 15, 2017**, in which to file a second amended complaint that complies with the foregoing requirements.

**IT IS SO ORDERED.**

Date: 10/25/17

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

RICKY CALVIN TOLSON
 59185-037
TERRE HAUTE - CF
TERRE HAUTE U.S. PENITENTIARY - Inmate Mail/Parcels
P.O.BOX 33
TERRE HAUTE, IN 47808
PRO SE